IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMILL JENKINS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-277 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| Nurse SUSAN BERRIER; | ) | |
| SUPERINTENDENT BRIAN V. COLEMAN, | ) | Re: ECF No. 30 |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion for Medical Personnel Assistance for Medical Terms and References, ECF No. 30, in which Plaintiff indicates that, because he has brought this legal action against medical personnel, he needs the Court to appoint "a trained medical practitioner to clarify and interpret medical terms, graphs, numbers and medical abbreviations." Id.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, which governs Proceedings in forma pauperis such as this, however, does not provide for the appointment of medical personnel or any other individual to assist a plaintiff who is proceeding in forma pauperis in the prosecution of his or her case. As succinctly stated by the District Court for the Middle District of Pennsylvania:

> 28 U.S.C. § 1915[ ] contains no provision authorizing the Court to order private litigants to receive the assistance of investigators or medical expert witnesses at no cost . . . . [A] review of case law construing § 1915 reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of litigating civil claims, and have repeatedly rebuffed efforts by *pro se* litigants to shift those costs to the public. *See, e.g., Brooks v. Quinn,* 257 F.R.D. 515, 417 (D. Del.2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses.... It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); *Augustin v. New Century TRS Holding, Inc.,* No. 08–326,

> 2008 U.S. Dist. LEXIS 96236, at *7–9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa.1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.,* 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D. Wis.1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition"); *Ebenhart v. Power,* 309 F. Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery"); *see also Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant").

Victor v. Fowler, 2011 WL 722387, at *1 (M.D. Pa. Feb. 18, 2011). Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Medical Personnel Assistance for Medical Terms and References, ECF No. 30, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to a District Judge which includes the basis for any objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

                              BY THE COURT,

                              /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2015


cc: Jamill Jenkins
 KA9362
 SCI Fayette
 Box 9999
 LaBelle, PA 15450-0999

 All counsel of record via CM/ECF